# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HENRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:14-cv-00791-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED AGAINST DEFENDANTS JOLLY, CONTRERAS, AND ORTEGA FOR EXCESSIVE FORCE, AND DEFENDANT CATE BE DISMISSED<br><br>(Doc. 1)<br><br>OBJECTION DEADLINE: THIRTY DAYS |

## I.    Screening Requirement and Standard

Plaintiff Kenneth R. Henry, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 23, 2014. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Background**

Plaintiff, who is presently incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, California, brings this action against Correctional Officers Jolly, D. Contreras, and H. Ortega for use of excessive physical force, in violation of the Eighth Amendment of the United States Constitution. The two incidents at issue occurred at California Correctional Institutional in Tehachapi. Plaintiff also names Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR") as a defendant. For the reasons which follow, the Court recommends this action proceed on Plaintiff's Eighth Amendment claims against Defendants Jolly, Contreras, and Ortega, and Defendant Cate be dismissed for failure to state a claim.

///

### B. <u>Excessive Force Claims</u>

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, *Hudson*, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, *Wilkins*, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9-10) (quotation marks omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff alleges that on June 21, 2013, Defendant Jolly kept staring at him during an escort to the medical clinic. When Plaintiff asked Defendant Jolly if there was a problem, Jolly escorted him to the medical clinic podium and bashed his head into it, causing Plaintiff to need codeine for ten days for pain management.

On July 26, 2013, Defendant Jolly knocked on Plaintiff's cell window at 6:45 a.m., awakening him. Defendant Jolly called him a crybaby and a bitch, and when Plaintiff told Jolly to get away from his cell door and leave him alone, Jolly said "he was going to stick his white penis up the [plaintiff's] black ass." (Comp., court record p. 8.) "Days later on 8-1-13," Defendant Ortega was escorting Plaintiff back to his building when Defendant Contreras walked up and began violently assaulting Plaintiff.[1] (*Id.*) Plaintiff alleges the incident was staged by Defendants

---

[1] Plaintiff's exhibits show he was charged in prison disciplinary proceedings with resisting a peace officer, and the incident involved the use of a baton and hands. The outcome is unclear from the complaint, but if Plaintiff was found guilty and the length of his sentence was affected, his claim may be barred. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.")

Ortega and Contreras, and he sustained permanent injuries to his lower leg, right shoulder, and head.

These allegations, while minimal, suffice to support claims of excessive force under the Eighth Amendment.[2] *Wilkins*, 559 U.S. at 37-8, 130 S.Ct. at 1178. Accordingly, the Court recommends the United States Marshal be directed to serve Plaintiff's complaint on Defendants Jolly, Contreras, and Ortega.

### C.     Defendant Cate

Plaintiff also names Defendant Cate as a defendant. However, liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Plaintiff fails to link Defendant Cate to any actions or omissions which violated his rights, and Plaintiff's complaint is devoid of any allegations which suggest the potential for a viable claim against Defendant Cate.[3] Therefore, the Court recommends Defendant Cate be dismissed based on Plaintiff's failure to state a claim against him.

///

///

---

[2] It does not appear that Plaintiff is attempting to state a claim based on the threat Defendant Jolly made against him on July 26, 2013, but in the event Court misinterpreted the allegations, no claim lies. Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

[3] "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citing *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358 (1991)). However, Plaintiff's claims arise from the past violation of his rights at a prison at which he is no longer incarcerated, thereby limiting his relief to monetary damages. 18 U.S.C. § 3626(a)(1)(A); *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Mayfield v. United States*, 599 F.3d 964, 969-73 (9th Cir. 2010). Furthermore, Plaintiff may not pursue an official capacity claim against a former state official, *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n.2 (9th Cir. 1999), and the Court takes judicial notice of the fact that Matthew Cate is no longer the Secretary of CDCR, Fed. R. Evid. 201; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008).

### III. Conclusion and Order

Plaintiff's complaint states cognizable claims for relief against Defendants Jolly, Contreras, and Ortega for use of excessive physical force, in violation of the Eighth Amendment, but it does not state a claim against Defendant Cate. Based on the nature of the deficiencies at issue, the Court can discern no legitimate basis for amendment to the claim against Defendant Cate and it recommends the claim be dismissed. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed for monetary damages against Defendants Jolly, Contreras, and Ortega for use of excessive physical force, in violation of the Eighth Amendment; and

2. Defendant Cate be dismissed based on Plaintiff's failure to state a claim against him.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 5, 2015**                             /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE