1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10  KENNETH R. HENRY,                    Case No. 1:14-cv-00791-LJO-SKO (PC)

11          Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                         RECOMMENDING DEFENDANTS'
12      v.                               MOTIONS TO STRIKE AND MOTION TO
                                         DISMISS FOR FAILURE TO STATE A
13  MATTHEW CATE, et al.,                CLAIM BE DENIED

14          Defendants.                  (Docs. 16, 23, and 26)

15                                       OBJECTION DEADLINE: FIFTEEN DAYS

16  _____/

17  **I.      Procedural History**

18          Plaintiff Kenneth Henry ("Plaintiff"), a state prisoner proceeding pro se and in forma

19  pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 23, 2014.  This action

20  for damages is proceeding against Defendants Jolley,[1] Contreras, and Ortega ("Defendants") for

21  using excessive physical force against Plaintiff in 2013, in violation of the Eighth Amendment of

22  the United States Constitution.

23          On May 6, 2015, Defendants Contreras and Jolley filed a motion to dismiss for failure to

24  state a claim.  Fed. R. Civ. P. 12(b)(6).  Plaintiff filed an opposition on May 22, 2015, Defendants

25  Contreras and Jolley filed a reply on June 2, 2015; and Defendant Ortega filed a notice of joinder

26

27

28  _____
    [1] Identified as Jolly in the complaint.

1    in the motion on June 12, 2015.[2]   On June 19, 2015, Plaintiff filed a surreply and on June 23,

2    2015, Defendants Contreras and Jolley filed a motion to strike.[3]

3            Defendants Contreras and Jolley's motion to dismiss has been submitted upon the record

4    pursuant to Local Rule 230(*l*), and for the reasons that follow, the Court recommends the motion

5    be denied.

6    **II.    Motion to Dismiss Standard**

7            A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a

8    claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of

9    sufficient facts alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d

10   1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).   In resolving a 12(b)(6)

11   motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. National*

12   *Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir.

13   2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v.*

14   *California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

15           To survive a motion to dismiss, a complaint must contain sufficient factual matter,

16   accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

17   129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

18   1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v.*

19   [2] Defendants' motion to strike certain new allegations in Plaintiff's opposition, set forth with their reply, should be
20   denied.  Defendants' reliance on Federal Rule of Civil Procedure 12(f) is misplaced; the reply at issue is not a
     pleading.  Fed. R. Civ. P. 7(a), 12(f); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885-86 (9th Cir. 1983).
21   Notwithstanding that deficiency, "[m]otions to strike are disfavored and infrequently granted."  *Neveu v. City of
     Fresno*, 392 F.Supp.2d 1159, 1170 (E.D.Cal. 2005).   With limited exceptions not present here, a court's review is
22   limited to the four corners of the pleading, *U.S. v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011) (citing
     *Schneider v. California Dept. of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)), and it suffices for the moving party
23   to focus its argument on whether newly pled allegations entitle the non-moving party to an opportunity to amend its
     pleading, *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

24   [3] Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired.
     Local Rule 230(*l*).  The Court generally views motions for leave to file a surreply with disfavor.  *Hill v. England*, No.
25   CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366
     F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a
26   surreply.  *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not
     abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803
27   n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider
     new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be
28   considered without giving the non-movant an opportunity to respond).  In this instance, the Court declines to consider
     Plaintiff's surreply and it recommends Defendants' motion to strike be denied as moot.

1   *U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded

2   factual allegations as true and draw all reasonable inferences in favor of the non-moving party.

3   *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v.*

4   *City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).  Courts may not supply essential

5   elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), but "[c]ourts in

6   this circuit have an obligation to give a liberal construction to the filings of pro se litigants,

7   especially when they are civil rights claims by inmates," *Blaisdell v. Frappiea*, 729 F.3d 1237,

8   1241 (9th Cir. 2013).  Pro se complaints "may only be dismissed 'if it appears beyond doubt that

9   the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

10  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d

11  1113, 1121 (9th Cir. 2012)).  "This rule relieves pro se litigants from the strict application of

12  procedural rules and demands that courts not hold missing or inaccurate legal terminology or

13  muddled draftsmanship against them."  *Blaisdell*, 729 F.3d at 1241.

14  **III.    Discussion**

15       **A.    Introduction**

16       Plaintiff's complaint was screened and the Court determined it stated a claim upon which

17  relief may be granted.  28 U.S.C. § 1915A; *Nordstrom*, 762 F.3d at 908 ("Dismissal for failure to

18  state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to

19  state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting *Wilhelm*, 680 F.3d at

20  1121); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (section 1915(e)(2)(B)(ii)

21  screening standard is the same as Rule 12(b)(6) standard).  Defendants' acknowledgement that the

22  complaint was screened is appreciated; however, they present no arguments which persuade the

23  Court it erred in determining that Plaintiff's Eighth Amendment claims were cognizable or that

24  any other grounds justifying relief from the screening order exist.  *See Ingle v. Circuit City*, 408

25  F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the

26  case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the

27  law occurred; (3) the evidence on remand was substantially different; (4) other changed

28

1   circumstances exist; or (5) a manifest injustice would otherwise result.").   As explained below,

2   Plaintiff's allegations are sufficient to allow him to proceed past the pleading stage.

3                  **B.**      **Eighth Amendment Excessive Force Claims**

4          Plaintiff's Eighth Amendment claims arise from two alleged incidents of excessive force

5   against him at California Correctional Institution in Tehachapi, where he was incarcerated at the

6   time.   The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment

7   forbidden by the Eighth Amendment.  *Hope v. Pelzer*, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002)

8   (citing *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986)) (quotation marks omitted).

9   Among unnecessary and wanton inflictions of pain are those that are totally without penological

10  justification, *Hope*, 536 U.S. at 737 (citing *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct.

11  2392 (1981)) (quotation marks omitted), and punitive treatment which amounts to gratuitous

12  infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment, *id.* at 738

13  (quotation marks omitted).

14         What is necessary to show sufficient harm under the Eighth Amendment depends upon the

15  claim at issue, with the objective component being contextual and responsive to contemporary

16  standards of decency.  *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995 (1992) (quotation marks

17  and citations omitted).   For excessive force claims, the core judicial inquiry is whether the force

18  was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically

19  to cause harm.  *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175 (2010) (per curiam) (citing

20  *Hudson*, 503 U.S. at 7) (quotation marks omitted).   Not every malevolent touch by a prison guard

21  gives rise to a federal cause of action.  *Wilkins*, 559 U.S. at 37, 130 S.Ct. at 1178 (citing *Hudson*,

22  503 U.S. at 9) (quotation marks omitted).  Necessarily excluded from constitutional recognition is

23  the *de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the

24  conscience of mankind.  *Wilkins*, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at

25  9-10) (quotations marks omitted).

26         In determining whether the use of force was wanton and unnecessary, courts may evaluate

27  the extent of the prisoner's injury, the need for application of force, the relationship between that

28  need and the amount of force used, the threat reasonably perceived by the responsible officials,

1  and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7

2  (quotation marks and citations omitted). While the absence of a serious injury is relevant to the

3  Eighth Amendment inquiry, it does not end it. *Hudson*, 503 U.S. at 7. The malicious and sadistic

4  use of force to cause harm always violates contemporary standards of decency. *Wilkins*, 559 U.S.

5  at 37, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9) (quotation marks omitted). Thus, it is the

6  use of force rather than the resulting injury which ultimately counts. *Id.* at 37-8.

7          **C.**       **Claim Against Defendant Jolley**

8          In his complaint, Plaintiff alleges that on June 21, 2013, Defendant Jolley kept staring at

9  him during an escort to the medical clinic. After they arrived at the clinic and Plaintiff was seated

10  in a chair, he asked Defendant Jolley if there was a problem. Defendant Jolley pulled Plaintiff up

11  from his chair, escorted him to the medical clinic podium, and "violently bashed" his head into the

12  podium, causing him to need codeine for ten days for pain management. (Doc. 1, Comp., p. 6.)

13          Plaintiff is entitled to have his factual allegations taken as true and construed in the light

14  most favorable to him, and he is entitled to be afforded the benefit of any doubt. *Nordstrom*, 762

15  F.3d at 908; *Blaisdell*, 729 F.3d at 1241. Moreover, Plaintiff is required only to allege a short and

16  plain statement of his claim, Fed. R. Civ. P. 8(a)(2) *Johnson v. City of Shelby*, __ U.S. __, __, 135

17  S.Ct. 346, 346 (2014) (per curiam), and at the pleading stage, Plaintiff need only present facts

18  supporting a claim that physical force was used "'maliciously and sadistically to cause harm,'"

19  *Wood v. Beauclair*, 692 F.3d 1041, 1049-50 (9th Cir. 2012) (quoting *Hudson*, 503 U.S. at 6).

20          Although Plaintiff's specific factual allegations are brief and some of the allegations in the

21  complaint recite words taken from the legal standard applicable to Eighth Amendment excessive

22  force claims, his complaint amounts to more than mere conclusory allegations which reiterate the

23  legal standard. Accepting Plaintiff's factual allegations as true and construing them in the light

24  most favorable to him, he has shown a use of force that was totally unprovoked and not

25  undertaken in any good faith effort to maintain or restore discipline. Moreover, although Plaintiff

26  does not describe his injury, it is inferable from his allegations that he sustained an injury to his

27  head and he alleges that he needed codeine for ten days, which supports the inference that he

28  sustained an injury meriting medical treatment in the form of prescription-strength pain

1   medication.  The gratuitous use of force by a correctional officer in the absence of any need to use

2   force supports a claim for relief under the Eighth Amendment and Defendants' arguments to the

3   contrary are rejected.[4]  Furthermore, the Court declines to find that as a matter of law, bashing an

4   inmate's head into a podium for no reason at all constitutes a *de minimis* use of force.  *Wilkins*,

5   559 U.S. at 37-38.

6          Regarding several of Defendants' specific arguments, Plaintiff is not required to offer an

7   explanation for Defendant Jolley's motivation; Plaintiff is not required to provide further detail

8   regarding the severity of his injury, as he is not required to show significant injury to maintain a

9   claim; and Plaintiff's allegations are not implausible as a matter of law.[5]  *Id.* at 37-40.  Plaintiff

10  has described an unjustified use of physical force that injured him, and although Plaintiff would be

11  entitled to the benefit of any doubt with respect to any necessary factual construction, his

12  complaint is notably devoid of *any* facts supporting an inference that the use of force might have

13

14  [4] Defendants cited three district court cases in support of their motion.  All three cases are distinguishable, however.
    One case involved grabbing an inmate's wheelchair and spinning him around, causing injury.  *Armstrong v. Hedgpeth*,
15  No. 1:11-cv-00761-LJO-GSA-PC, 2013 WL 595125, at *5 (E.D.Cal. Feb. 15, 2013).  Such an act may or may not
    suffice to support a claim, depending on additional facts might be pled.  In that case, the court stated that the plaintiff
16  "must allege facts showing that under the circumstances, there was no need for the defendant to use the amount of
    force described."  *Armstrong*, 2013 WL 595125, at *6.  The Court may take judicial notice of its own records, *United
17  States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980), and following amendment, the court in the *Armstrong* case
    determined on June 4, 2014, that the use of force at issue was *de minimis*.  In this case, Plaintiff's head was bashed
18  into a podium in the absence of any need for force, an act which is not equivalent to spinning a wheelchair around and
    which the Court declines to find is *de minimis*.
19          In *Miller v. Brown*, the court was unable to determine whether pulling an inmate's handcuffs and using
    pepper spray was force employed in a good faith effort to maintain or restore discipline or was instead malicious and
20  sadistic for the purpose of causing harm.  *Miller v. Brown*, No. 1:12-cv-01589-LJO-BA[M] (PC), 2014 WL 496919, at
    *7 (E.D.Cal. Feb. 6, 2014).  In this case, although the facts are minimal, Plaintiff provided enough context to show
21  that the uses of force were not employed to maintain order or restore discipline and were instead totally unprovoked
    and unjustified.
22          Finally, in *Kabil v. Youngblood*, the plaintiff alleged only that his stool was kicked away and he was locked
    down unreasonably.  *Kabil v. Youngblood*, No. 1:08-cv-00281-SMS PC, 2009 WL 2475006, at *4, 14 (E.D.Cal. Aug.
23  11, 2009).  Kicking a stool away is not equivalent to bashing a head into a podium or hitting an inmate with batons,
    and the complaint in that case was so lacking that the court found it "baffling" to the reader.  *Kabil*, 2009 WL
    2475006, at *1.  No such deficiency exists here.

24  [5] Defendants' argument that "[i]t is simply not plausible that a correctional officer would decide to bash an inmate's
    head into a podium for no reason at all" must be rejected.  (Doc. 16-1, Motion, 6:27-7:1.)  The credibility of Plaintiff's
25  version of events is not subject to resolution at the pleading stage, and the allegation that a guard used physical force
    to harm an inmate in the absence of any justification is *not* facially implausible.  *See Blantz v. California Dep't of
26  Corrs. & Rehab.*, 727 F.3d 917, 922 (9th Cir. 2013) (facially implausible allegations need not be accepted as true);
    *Wilkins*, 559 U.S. at 38 (guard allegedly punched, kicked, kneed, choked, and body slammed inmate without any
27  provocation after inmate asked for grievance form); *Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005) (per
    curiam) (officer allegedly slammed inmate's face into wall without warning and kicked inmate in the genitals and
28  back, all without any provocation).

1   been employed in a good faith effort to maintain or restore discipline.

2           **D.      Claim Against Defendants Contreras and Ortega**

3           Next, Plaintiff alleges that on August 1, 2013, Defendant Ortega was escorting him back to

4   his building when Defendant Contreras walked up and began violently assaulting Plaintiff.[6]

5   (Comp., 7:10.)  Plaintiff alleges the incident was staged by Defendants Ortega and Contreras, and

6   he sustained permanent injuries to his lower leg, right shoulder, and head.

7           Despite their brevity, Plaintiff's allegations also suffice to state a claim for relief against

8   Defendants Contreras and Ortega.  Plaintiff's exhibits demonstrate that the force at issue involved

9   baton strikes against him; and he alleges that he did nothing wrong to justify the use of any force

10  against him and that he sustained permanent injuries to his lower leg, top right shoulder, and head.

11  Where the use of batons against an inmate was allegedly unprovoked, there is no inference to be

12  drawn that the force was used in a good faith effort to maintain or restore discipline.  To the

13  contrary, the inference compelled by the facts is that the force was used to cause harm, and the

14  facts do not lend themselves to a finding that the force used was *de minimis* as a matter of law.  An

15  inmate who alleges that two guards hit him with their batons and injured him, in the absence of

16  any provocation or justification, states a claim under the Eighth Amendment.  While Plaintiff may

17  not ultimately prevail on his claim, he is entitled to proceed beyond the pleading stage; the Court

18  cannot find that his allegations "are too speculative to warrant further factual development."

19  *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013) (en banc), *cert. denied*, 134 S.Ct. 1283

20  (2014).

21          Finally, Defendants' argument that Plaintiff's version of events is contradicted by his

22  exhibits is rejected.  Courts are not "required to accept as true allegations that contradict exhibits

23  attached to the Complaint or matters properly subject to judicial notice, or allegations that are

24

25  [6] Plaintiff's exhibits show he was charged in prison disciplinary proceedings with resisting a peace officer, and the incident involved the use of a baton and hands.  The outcome is unclear from the complaint, but if Plaintiff was found
26  guilty and the length of his sentence was affected, his claim against Defendants Contreras and Ortega may be barred. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005) ("[A] state prisoner's § 1983 action is barred
27  (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would
28  necessarily demonstrate the invalidity of confinement or its duration.")

1   merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall*,

2   629 F.3d 992 at 998.   However, the purportedly contradictory facts contained in Plaintiff's

3   exhibits are Defendants' own reports of events, which are appended to Plaintiff's rules violation

4   report.  Those "facts" cannot provide a basis for disregarding Plaintiff's allegations because they

5   are contested as opposed to "established."[7]  *Sumner Peck Ranch, Inc. v. Bureau of Reclamation*,

6   823 F.Supp. 715, 720 (E.D.Cal. 1993).  Although brief, Plaintiff's allegations are neither fatally

7   conclusory nor mere legal conclusions and therefore, any factual disputes must be resolved in

8   Plaintiff's favor at this stage in the proceedings.

9   **IV.    Recommendation**

10          In conclusion, the allegation that a correctional officer, totally unprovoked and absent any

11  justification, bashed a prisoner's head into a podium and caused an injury requiring prescription

12  pain medication for ten days supports a plausible claim for relief under the Eighth Amendment.

13  Likewise, the allegation that two correctional officers, totally unprovoked and absent justification,

14  hit a prisoner with their batons, causing injury to his leg, shoulder, and head supports a plausible

15  claim.  Although brief, Plaintiff's factual allegations are neither conclusory nor vague and they are

16  not limited to a recitation of the applicable legal standard.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th

17  Cir. 2011).  As a result, the allegations must be taken as true and to the extent Plaintiff's version

18  lacks credibility and/or there exist factual disputes between the parties over what occurred, those

19  determinations may not be made at the pleading stage.  *See e.g.*, *OSU Student Alliance v. Ray*, 699

20  F.3d 1053, 1078 (9th Cir. 2912); *Starr*, 652 F.3d at 1216-17.

21          Accordingly, the Court HEREBY RECOMMENDS that:

22          1.      Defendants' motion to strike new allegations in Plaintiff's opposition be DENIED;

23          2.      Defendants' motion to strike Plaintiff's surreply be DENIED as moot; and

24          3.      Defendants' motion to dismiss for failure to state a claim, filed on May 6, 2015, be

25                  DENIED.

26          These Findings and Recommendations will be submitted to the United States District

27  _____

28  [7] Comp., Exs. 9-11.

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.   Local Rule 304(b).   The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Responses, if any, are due within **ten (10) days** from the date the objections are filed.   Local Rule 304(d).   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.   *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **July 13, 2015**                          **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE