# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HENRY,<br><br>    Plaintiff,<br><br>v.<br><br>D. CONTRERAS, et al.,<br><br>    Defendants. | **Case No. 1:14-cv-00791-LJO-SKO (PC)**<br><br>**ORDER MODIFYING THE DISCOVERY AND SCHEDULING ORDER -- VACATING DATES UNTIL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION IS RULED ON**<br><br>**(Doc. 53)** |

**I.     Background**

Plaintiff Kenneth Henry, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 23, 2014.

On September 1, 2015, Defendants Contreras, Jolly, and Ortega filed motions for summary judgment based on Plaintiff's failure to exhaust available administrative remedies prior to filing suit which Defendant Ortega joined.  (Docs. 33, 34.)  Plaintiff requested and received a number of extensions of time to file his opposition.  (Docs. 38-40, 45-48.)  Defendants filed their reply briefs.  (Docs. 49-51.)  While the motions have been deemed submitted, L.R. 230(l), they have not been ruled on.  On January 15, 2016, Defendants Contreras and Jolly filed a motion, which Defendant Ortega joined, to modify the Discovery and Scheduling Order to vacate the current discovery deadline (February 1, 2016) and the dispositive motion filing deadline (April 11, 2016) to be reset if their pending motion does not dispose of the action. (Doc. 53.)  This modification will not prejudice either party to this action since both sides have been allowed to

conduct discovery thus far and a new Discovery and Scheduling Order will issue, re-opening discovery and setting a new dispositive motion filing deadline if the exhaustion issue is not dispositive.

**II.     Modification of Scheduling Order**

A party seeking leave of court to amend the schedule of a case must satisfy Federal Rule of Civil Procedure[1] 16(b)'s "good cause" standard.  The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party, *id*., and the reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 984 (9th Cir.2011).  If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify.  *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, Defendants have exercised due diligence.  The Discovery and Scheduling Order issued on June 1, 2015.  (Doc. 21.)  On September 1, 2015, Defendants file their motions for summary judgment based on Plaintiff's asserted failure to exhaust administrative remedies prior to filing suit.  (Doc. 33.)  The date for completion of discovery is rapidly approaching, but the Court's caseload has not allowed for the ruling on their motions.

**III.    Stay of Proceedings**

A district court has the inherent power to stay its proceedings, or any portion thereof. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 254 (1936); *see also Gold v. Johns–Manville Sales Corp*., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.  In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."  Any reference to other statutory authorities shall so indicate.

judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). The Ninth Circuit "has sustained or authorized in principle *Landis* stays on several occasions." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005).

If Defendants' motion for summary judgment on Plaintiff's exhaustion efforts is granted, this case will be dismissed. As such, it is reasonable to stay all actions in this case until Defendants motions for summary judgment are ruled on.

**IV.     Order**

Accordingly, it is HEREBY ORDERED that Defendants' motion to modify the Discovery and Scheduling Order to vacate all dates until Defendants' motions for summary judgment on exhaustion are ruled on, filed on January 15, 2016, (Doc. 53), is GRANTED and the Discovery and Scheduling Order is MODIFIED. All current deadlines are vacated and a new discovery and scheduling order will issue if Defendants' pending motions for summary judgment on exhaustion are not dispositive of this action.

IT IS SO ORDERED.

Dated:     **January 19, 2016**                              **/s/ Sheila K. Oberto**
                                                                                UNITED STATES MAGISTRATE JUDGE

3