# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HENRY, | Case No. 1:14-cv-00791-LJO-SKO (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED FOR LACK OF JURISDICTION** |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | **(Doc. 57)** |
| _____/ | **THIRTY (30) DAY DEADLINE** |

Plaintiff Kenneth Henry, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 23, 2014.  Plaintiff is proceeding on his claim for damages against Defendants Jolly, Contreras, and Ortega for use of excessive physical force, at California Correctional Institutional in Tehachapi ("CCI").  On January 28, 2016, Plaintiff filed a motion indicating that, on January 21, 2016, he was transferred to a "mental state hospital." (Doc. 57.)  In this motion, Plaintiff states that he is fearful that he will be killed at that facility and requests the Court to "please help." (*Id.*)  Plaintiff's motion is construed as a motion for injunctive relief.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are

further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The pendency of this action does not give the Court jurisdiction over prison officials in general or over the conditions of Plaintiff's confinement. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

Plaintiff does not name any individuals who have caused him to fear for his life, nor does he implicate any of the Defendants in this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over whomever he fears will attempt to kill him at the "mental state hospital."

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. However, the seriousness of Plaintiff's concern that he will be killed at that facility cannot overcome a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")  This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.[1]

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief, filed January 28, 2016, be denied for lack of jurisdiction.

///

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

1  2  3  4  5  6  7  8

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 1, 2016**                         **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE